UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMMAD NASIM MIRANI,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

CASE NO. 2:26-cv-00623-JNW

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## 1. INTRODUCTION

Petitioner Mohammad Nasim Mirani is a citizen of Afghanistan who entered the United States on December 1, 2024. He was taken into immigration custody and has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, since then. Eventually, he was ordered removed from the United States, with his order of removal becoming administratively final on July 8, 2025. *See* Dkt. No. 11 at 2.

## 2. LEGAL STANDARDS

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Along with habeas relief, federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42).

A plaintiff seeking a permanent injunction must demonstrate "(1) that [he] ha[s] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

## 3.   DISCUSSION

### 3.1    Mirani's continued detention is no longer authorized under *Zadvydas*.

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid serious constitutional concerns that indefinite civil detention would raise, the Supreme Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit reasonableness limitation. *Id.* at 689. The statute "does not permit indefinite detention." 533 U.S. at 689. Rather, it authorizes detention only for "a period *reasonably necessary* to bring about that [noncitizen]'s removal from the United States." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Six months is the presumptive *ceiling* for reasonable detention. *Id.* at 701. After that period, the burden is on the noncitizen to show "that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 721 (W.D. Wash. 2025) (citation modified) (quoting *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003)). The burden then shifts to the Government to rebut that showing. *Zadvydas*, 533 U.S. at 701. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Government's burden to justify continued detention thus becomes increasingly demanding over time.

Since his removal order became final on July 8, 2025, Mirani has been detained for more than *eight* months. Dkt. Nos. 12 at 3; 11 at 2. The Government concedes the six-month presumptive period expired on January 8, 2026. Dkt. No. 11 at 2. Mirani's detention is thus not presumptively reasonable under *Zadvydas*.

Mirani has also shown there is no good reason to believe that his removal is likely to occur in the reasonably foreseeable future. The Government requested travel documents for Mirani from the Afghan Embassy on September 12, 2025. More than six months later, the Afghan Embassy still hasn't responded. Dkt. No. 9 at ¶¶ 11, 14. Indeed, the Government acknowledges that "[t]o date, Afghanistan has not issued a Transportation Letter necessary for Petitioner's removal," nor has it indicated whether it is willing to accept him. *See id.* ¶ 14; *see also Haidari v. Bondi*, 2:26-cv-00237-JHC, 2026 WL 395683, at *2 (W.D. Wash. Feb. 12, 2026) ("Because Afghanistan has not yet agreed to accept Petitioner and no travel documents have been issued, the Court is persuaded that there is good reason to believe removal is not reasonably foreseeable."). Mirani also contends that Afghanistan's ongoing civil war makes his removal to Afghanistan unlikely—an argument the Government fails to address.

The burden thus shifts to the Government to rebut Mirani's showing under *Zadvydas*. It offers no evidence or argument to support its conclusory assertion that it is significantly likely to remove Mirani in the reasonably foreseeable future. Indeed, the Government states only that it believes Afghanistan will issue travel

documents for Mirani. *See* Dkt. No. 9 ¶ 14 ("ERO has no reason to believe that a Transportation Letter for Petitioner will not be issued by the government of Afghanistan."). The Government's unsupported belief is not enough.

Accordingly, Mirani's continued detention is no longer authorized by statute, and he must be released on an order of supervised release under appropriate conditions. *See Zadvydas*, 533 U.S. at 696 (citing 8 U.S.C. §§ 1231(a)(3), 1253; 8 C.F.R. § 241.5 (establishing conditions of release after removal period)) ("The choice . . . is not between imprisonment and the alien 'living at large'. . . . It is between imprisonment and supervision under release conditions that may not be violated.").

### 3.2 The Government must provide notice and a hearing before Mirani's re-detention.

The Court further finds that certain injunctive relief is appropriate here.[1] Each of the four *eBay* factors supports this conclusion. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

First, Mirani has suffered irreparable harm, as he has been detained beyond the period authorized by statute as construed under *Zadvydas*. Additionally, his arbitrary re-detention is likely to occur without an order from this Court preventing it. For months, courts in this district have repeatedly found that the Government's practice of revoking release and re-detaining noncitizens without pre-deprivation

---

[1] The Court finds that Mirani's *Zadvydas* claim inherently raises constitutional, due process concerns, such that it is appropriate to address his related claim for injunctive relief. *See supra* § 2 (explaining that the Court has the authority to entertain a habeas petitioner's constitutional challenges and to grant injunctive relief in response to them).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

process is unconstitutional. Nevertheless, the Government has continued those practices. *See Espinoza Palacios, et al. v. Hermosillo, et al.*, Case No. 2:26-cv-491-JNW, 2026 WL 686138, at *10 (W.D. Wash. Mar. 11, 2026). Without injunctive relief, Mirani is likely to be subject to future due process violations. Second, monetary damages are inadequate to remedy the deprivation of liberty. Third, requiring the Government to follow constitutional procedures imposes no undue hardship. Lastly, the public interest favors compliance with the law.

The Court also relies on its inherent authority to fashion relief necessary to effectuate its habeas orders. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (federal courts have "broad discretion" in granting habeas relief "as law and justice require"); *Nguyen v. Bondi*, Case No. 2:25-cv-02723-RAJ, 2026 WL 183819, at *6 (W.D. Wash. Jan 23, 2026) ("The Court, in its discretion, finds that imposing conditions on any future re-detention of Mr. Nguyen is necessary to fully effectuate the intent of this order."). Without any re-detention standard, the Government could re-detain Mirani immediately after release, rendering this order meaningless.

Upon his release, Mirani will have a liberty interest in his continued freedom that due process protects. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Lecky v. Bondi*, Case No. 2:25-cv-02637-TLF, 2026 WL 266066, at *7 (W.D. Wash. Feb. 2, 2026) (citing *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972))). The Government itself acknowledges that courts in this district have found that "the Due Process Clause requires a pre-deprivation hearing before revocation of parole (and an OSUP)." Dkt. No. 8 at 12 n.3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

The Government attempts to distinguish this case by arguing that Mirani has a final order of removal, but even individuals with final orders of removal have a constitutionally protected interest in remaining at liberty. *See Nguyen*, 2026 WL 183819, at *4 ("Applying the *Mathews* test, several courts in this district have found due process violations where the government—despite not having a valid travel document or other individualized basis for re-detention—re-detained noncitizens with a final order of removal without notice and a meaningful opportunity to respond."); *Tran v. Bondi*, Case No. 2:25-cv-02335-DGE-TLF, 2025 WL 3725677, at *3–6 (W.D. Wash. Dec. 24, 2025); *Khim v. Bondi*, Case No. 2:25-cv-02383-RSL, 2025 WL 3653724, at *3–4 (W.D. Wash. Dec. 17, 2025). Accordingly, to the extent that the Government seeks to revoke the release ordered by this Court and re-detain Mirani, it must provide due process, consisting of pre-deprivation notice and an opportunity to be heard. *See Espinoza Palacios, et al. v. Hermosillo, et al.*, Case No. 2:26-cv-491-JNW, 2026 WL 686138, at *7 n.2 (W.D. Wash. Mar. 11, 2026) (collecting cases).

Mirani also argues that at any future re-detention hearing, the Government must prove changed circumstances supporting detention by clear and convincing evidence. The Court recognizes that most cases imposing this standard have involved petitioners whom the Government had previously released on its own initiative—a context in which the Government had already determined the individual was not a flight risk or danger. *See Espinoza Palacios*, 2026 WL 686138, at *10–11. Mirani's situation is different in that he was paroled during pre-order

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

proceedings but was detained under the post-order framework after a Post Order Custody Review found him to be a flight risk. Dkt. No. 9 ¶ 12.

The sole stated basis for that finding was his final order of removal and the pending travel document request. *Id*. The Ninth Circuit has recognized, however, that while a final removal order is a relevant consideration in assessing flight risk, it is a circumstance "common to all detainees" in post-order proceedings and, standing alone, does not satisfy the clear and convincing evidence standard. *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011). Because the Government's flight risk determination rests entirely on that universally shared circumstance, the Court finds it appropriate to impose the clear and convincing evidence standard to safeguard Mirani's liberty interest at any future re-detention hearing. *See Espinoza v. Kaiser*, 2025 WL 2581185, at *14 (E.D. Cal. Sept. 5, 2025) ("Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."); *see also Lecky*, 2026 WL 266066, at *10 (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) ("the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.")).

### 3.3   Mirani's remaining claims.

Mirani also asks the Court to make findings related to third-country removal. He argues that (1) any such removal must comply with statutory and due process notice requirements, and (2) the Government's third-country removal policy is unconstitutionally punitive. Dkt. No. 1 at 21–24 (Grounds Four, Five, and Six). The

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8

Court finds that these claims are not ripe, as the Government has taken no steps to remove Mirani to a third country, nor has it expressed an intent to do so. Additionally, because the Court has ordered Mirani's release on different grounds, the Court need not address Mirani's claim that ICE failed to comply with its own regulations. *Id*. at 21 (Ground Three).

Finally, Mirani asks the Court to enjoin his re-detention unless the Government meets certain, specific requirements related to Mirani's travel documents. The Court finds that the requirement set forth in this order are sufficient to protect his due process rights, and thus denies the request.

### 4.   CONCLUSION

Accordingly, the Court GRANTS IN PART Mirani's habeas petition and ORDERS:

1.  Respondents must RELEASE Mirani from custody within TWENTY-FOUR (24) hours of this order on appropriate conditions. *Zadvydas*, 533 U.S. at 696 (citing 8 U.S.C. § 1231(a)(3); 8 U.S.C. § 1253; 8 C.F.R. § 241.5 ("Conditions of release after removal period")).

2.  Respondents may not re-detain Mirani absent written notice and a hearing prior to re-detention before a neutral decisionmaker.

3.  Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a status report confirming that Mirani has been released from custody and informing the Court of the date and time of his release.

Dated this 2nd day of April, 2026 at 4:25 p.m.

Jamal N. Whitehead
United States District Judge